IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CRIMINAL NO. 3:15-CR-70-L |
| CHARLES RAY MCCONNELL | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION EARLY RELEASE OF SUPERVISED RELEASE

The government is opposed to the defendant's request. The government has consulted with the probation officer assigned to the defendant and she is opposed to this request as well.

## LEGAL STANDARDS

18 U.S.C. § 3583(e)(1) authorizes the District Court, "after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Johnson*, 529 U.S. 53, 60, 120 S. Ct. 1114, 146 L. Ed. 2d 39 (2000) (explaining that a district court "may terminate an individual's supervised release obligations 'at any time after the expiration of one year ... if it is satisfied that such action is warranted by the conduct of the defendant released

and the interest of justice'" (quoting 18 U.S.C. § 3583(e)(1))); *United States v. Booker*, 645 F.3d 328, 328 (5th Cir. 2011) ("Any termination of supervised release must be sought by a motion under 18 U.S.C. § 3583(e)(1).").

Section 3553(a)'s provisions cited in Section 3583(e) direct "the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). The Supreme Court has also explained that "Congress intended supervised release to assist individuals in their transition to community life," such that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 59; *see also Jeanes*, 150 F.3d at 485 ("The supervised release term serves a broader, societal purpose by reducing recidivism.").

On a Section 3583(e)(1) motion, "[t]he procedure to follow is 'pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,' which is Rule 32.1." *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011). Rule 32.1(c) governs modifications of supervised release and dictates that, "[b]efore modifying the conditions of ... supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation," but that "[a] hearing is not required if: ... (B) the relief sought is favorable to the person and does not extend the term ... of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c).

**Government's Response to Defendant's Motion for Variance - Page 2**

The United States Court of Appeals for the Fifth Circuit has noted that Section 3583(e)(1) "confers broad discretion" on a district court. *Jeanes*, 150 F.3d at 484. The United States Court of Appeals for the Second Circuit has further explained that, "[o]ccasionally, changed circumstances — for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release — will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)" and that, "[i]n such cases, the court may invoke either subsection (1), which works to the advantage of the defendant, or subsection (2), which can be employed either to the defendant's advantage or his disadvantage, to discharge the defendant from supervised release, to modify and make less demanding the conditions of release, or to reduce the length of the term of release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (citation and internal quotation marks omitted). Applying this standard, the Second Circuit has explained that, because "[f]ull compliance ... is merely what is expected of all people serving terms of supervised release," a defendant who "argued that he had complied with the terms of his supervised release" did not thereby "allege that his behavior was 'exceptionally good.'" *United States v. Karacsonyi*, No. 97-1220, 1998 U.S. App. LEXIS 15107, 1998 WL 401273, at *1 (2d Cir. June 10, 1998); *see also id*. (explaining that "early termination of supervised release is within the discretion of the district court and is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior"); *United States v. Brown*, No. 03-310, 2012 U.S. Dist. LEXIS

**Government's Response to Defendant's Motion for Variance - Page 3**

131173, 2012 WL 4059887 (E.D. La. Sept. 14, 2012) (denying defendant's 18 U.S.C. § 3583(e)(1) motion although defendant had "so far complied faithfully with the terms and conditions of his supervised release for almost four years" and his probation officer did not object to a termination of supervised release).

## ARGUMENT

Although the record before the Court is one of compliance with the conditions of Mr. McConnell's supervised release, Mr. McConnell has not demonstrated any exceptional circumstances to justify the Court's exercise of its discretion to terminate his supervised release early or any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

/s/ P.J. Meitl

P.J. MEITL
Assistant United States Attorney
District of Columbia Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8680
Facsimile: 214.659.8812
Email: philip.meitl@usdoj.gov

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this Motion was served by ECF to defense counsel on this 17th day of April, 2018.

*/s/ P.J. Meitl*
P.J.Meitl