**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Criminal No. 3:15-CR-70-L** |
| | ) | |
| **CHARLES RAY McCONNELL** | ) | |

## <u>ORDER</u>

Before the court is Defendant Charles Ray McConnell's Motion for Early Termination of Supervised Release, filed April 13, 2018, and the Government Response to Defendant's Motion for Early Termination of Supervised Release, filed April 17, 2018. The Government is opposed to Defendant's motion. The court has consulted Defendant's probation officer, and she is also opposed to early termination of Defendant's supervised release.

Defendant was convicted of conspiracy to possess with intent to distribute a controlled substance. He was sentenced to 42 months' imprisonment followed by a term of supervised release for two years. The court recommended that he be allowed to participate in the Residential Drug Abuse Treatment Program in the Bureau of Prisons if he was eligible.

Defendant asserts that he was released from prison on May 12, 2017 to begin his two-year term of supervised release. He asks that his supervised release be terminated early under 18 U.S.C. § 3583(e)(1).

Title 18 U.S.C. § 3583(e)(1) authorizes the district court, "after considering the factors set forth in [18 U.S.C. § ] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Johnson*, 529 U.S. 53, 60 (2000) (explaining that a district court "may terminate an individual's supervised release obligations 'at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice' " (quoting § 3583(e)(1))); *United States v. Booker*, 645 F.3d 328, 328 (5th Cir. 2011) ( "Any termination of supervised release must be sought by a motion under 18 U.S.C. § 3583(e)(1).").

Section 3553(a)'s provisions cited in § 3583(e) direct "the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). The Supreme Court has explained that "Congress intended supervised release to assist individuals in their transition to community life," such that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 59; *see also Jeanes*, 150 F.3d at 485 ("The supervised release term serves a broader, societal purpose by reducing recidivism.").

The United States Court of Appeals for the Fifth Circuit has noted that § 3583(e)(1) "confers broad discretion" on a district court. *Jeanes*, 150 F.3d at 484. The United States Court of Appeals for the Second Circuit has further explained that, "[o]ccasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)" and that, "[i]n such cases, the court may invoke either subsection (1),

which works to the advantage of the defendant, or subsection (2), which can be employed either to the defendant's advantage or his disadvantage, to discharge the defendant from supervised release, to modify and make less demanding the conditions of release, or to reduce the length of the term of release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (citation and internal quotation marks omitted).  Applying this standard, the Second Circuit has explained that, because "[f]ull compliance . . . is merely what is expected of all people serving terms of supervised release," a defendant who "argued that he had complied with the terms of his supervised release" did not thereby "allege that his behavior was 'exceptionally good.'"  *United States v. Karacsonyi*, No. 97–1220, 1998 WL 401273, at *1 (2d Cir. June 10, 1998); *see also id.* (explaining that "early termination of supervised release is within the discretion of the district court and is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior"); *United States v. Brown*, No. 03–310, 2012 WL 4059887 (E.D. La. Sept. 14, 2012) (denying § 3583(e)(1) motion although defendant had "so far complied faithfully with the terms and conditions of his supervised release for almost four years" and his probation officer did not object to a termination of supervised release); *United States v. Hartman*, No. 3:00-CR-228-B, 2013 WL 524257 (N.D. Tex. Jan. 18, 2013) (denying § 3583(e)(1) motion although the government recommended it be granted, where defendant complied with conditions of supervised release, was self-employed, did not fail alcohol or drug testing, but did not establish exceptional circumstances for terminating supervised release).

On a § 3583(e)(1) motion, "[t]he procedure to follow is 'pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,' which is Rule 32.1." *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011).  Rule 32.1(c) governs modifications

3

of supervised release and dictates that, "[b]efore modifying the conditions of . . . supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation," but that "[a] hearing is not required if: . . . (B) the relief sought is favorable to the person and does not extend the term . . . of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c). Movant states that he waives a hearing.

Defendant asserts that he has fully complied with the conditions of supervised release. He contends that he is self-employed, that he no longer is required to pay child support because his children are adults, that he participated in a drug treatment program as required by the conditions of supervised release, that he completed the Residential Drug Abuse Treatment Program in prison and the aftercare program in a halfway house, and that he is 56 years old and unlikely to re-offend.

Although Defendant has pointed out his compliance with the conditions of supervised release, he has not demonstrated any exceptional circumstances to justify the court's exercise of its discretion to terminate his supervised release early or any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve § 3553(a)'s goals. None of the circumstances argued by Defendant, individually or taken together, justifies early termination of the supervised release.

That Defendant has not re-offended or failed any drug or alcohol tests, establishes only that he has complied faithfully with the conditions of his supervised release for one year, which does not, by itself, justify early termination. *See Karacsonyi*, 1998 WL 401273, at *1; *Brown*, 2012 WL 4059887, at *1–*2. Many other defendants who abide by all their supervised release conditions

4

imposed as part of their sentences for drug offenses are required to serve their entire supervised release term, and so consideration of § 3553(a)(6)'s factor—calling for the court to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"—weighs against early termination in this case.[1]

Defendant's history, as set out in the presentence report, weighs against early termination of supervised release. His probation was revoked in one drug case. His parole was revoked in another drug case, he was later paroled again in that case, and he discharged his parole on April 8, 2013. His criminal conduct in the present case occurred in part in April 2013, shortly after he completed his parole.

After considering § 3583(e), the § 3553 factors discussed in this order and the other § 3553 factors set forth in § 3583(e), the court concludes that early termination of supervised release is not warranted by the conduct of Defendant released and the interest of justice. Accordingly, Defendant's Motion for Early Termination of Supervised Release is **denied**.

**It is so ordered** this 22nd day of June, 2018.

Sam A. Lindsay
United States District Judge

---

[1] Defendant points to two other cases in which § 3583 motions were granted. One was for another offense and is not comparable, and one was a drug case. In the drug case, the defendant served two years of supervised release when the motion was granted, so that case is also not comparable. He has not shown that the denial of his motion results in a sentence disparity with defendants who have similar records.

5